# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joel Smith and John Nesse or any successors as Trustees of the Minnesota Laborers Health and Welfare Fund, et al, | Civil No. 20-2161 (DWF/ECW) |
| Plaintiffs, | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF DEFAULT JUDGMENT** |
| v. | |
| Groundscape Enterprise Inc. INC., | |
| Defendant. | |

This matter came on for hearing on March 25, 2021 before the undersigned on Plaintiffs' Motion for Entry of Judgment (Doc. No. 10). Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.[1]

## FINDINGS OF FACT

1.  The Complaint was filed with the Court on October 14, 2020. (Doc. No. 1). The Summons and Complaint were served on Defendant Groundscape Enterprise Inc. INC. ("Groundscape") on October 26, 2020. (Doc. No. 5).

---

[1] An initial hearing was held on February 26, 2021 during which Defendant appeared by phone. (Doc. No. 20.) Neither Defendant nor anyone acting on behalf of Defendant made any submission to or had form of contact with the Court after the initial hearing and before the hearing on March 25, 2021. The Court notes that whether or not Defendant appeared at the hearing on March 25, 2021 would have no impact on its conclusion that Defendant is in default and Plaintiffs are entitled to entry of default judgment.

2. Groundscape failed to file and serve a response or Answer to the Summons and Complaint. Accordingly, the Clerk entered default on November 18, 2020. (Doc. Nos. 6, 8).

3. Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

4. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

5. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

6. Groundscape executed and agreed to be bound to the terms of a set of collective bargaining agreements. The first negotiated between the Highway, Railroad, and Heavy Construction Division of Associated General Contractors of Minnesota and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated Local Unions with a term of May 1, 2017 through April 30, 2020. The second negotiated between a multiemployer bargaining committee of Landscape contractors and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated Local Unions, covering the period of May 1, 2017 through April 30, 2020.

7. The CBAs require Groundscape to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Groundscape's monthly payment to the Funds.

8. The CBAs require Groundscape to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBAs for each hour worked by its employees covered by the CBAs.

9. The CBAs state that Groundscape shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

10. The CBAs require Groundscape to maintain adequate records to identify the type of work being performed by employees to allow the Funds to determine whether Groundscape is accurately reporting hours to the Funds.  If Groundscape fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Groundscape is liable for all the hours worked by that individual for whom Groundscape is unable to produce satisfactory records verifying the type of work being performed by that individual.

11. The CBAs further require Groundscape to promptly furnish to the Trustees of the Funds or their authorized agents on demand federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state required quarterly reports, timecards, payroll and check registers and any other relevant information that may be required in connection with the administration of the Funds.

12. The Funds' authorized agent requested that Groundscape produce a complete set of payroll and employment records as specified in the CBAs for the period of June 1, 2018 through December 31, 2019 ("Audit Period").

13. Groundscape produced its payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by Groundscape's employees covered by the CBAs for which Groundscape did not submit contributions to the Funds. Specifically, the Funds' authorized agent prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $4,287.45 is due and owing for delinquent contributions.

14. Groundscape breached the terms of the CBAs by failing to pay the amount due and owing for delinquent contributions for the Audit Period.

15. The CBAs state that if Groundscape becomes delinquent, Groundscape shall be required to pay as liquidated damages an amount equal to 10 percent of the payment otherwise due.

16. Liquidated damages in the total amount of $428.75 are due and owing for the Audit Period.

17. The CBA states that if Groundscape becomes delinquent, Groundscape shall be required to pay interest on all delinquent contributions at a rate prescribed by the Trustees of the Funds.

18. The Funds' Collection Policy provides for the collection of interest at a rate equal to the actuarial assumed rate of return for the Minnesota Laborers Pension Fund plus .5 percent.

19. The current actuarial assumed rate of return for the Minnesota Laborers Pension Fund is 7.5 percent. As such, the Funds are entitled to interest on the unpaid contributions at a rate of 8 percent.

20. Interest on the unpaid contributions in the amount of $449.34 is due and owing for the Audit Period.

21. The CBAs state that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

22. The Funds incurred attorneys' fees and costs in the amount of $1,815.75 pursuing this delinquency.

## CONCLUSIONS OF LAW

1. Defendant Groundscape Enterprise Inc. INC. is in default and the Funds are entitled to entry of a default judgment.

2. Defendant Groundscape Enterprise Inc. INC. is liable to the Funds in the amount of $5,165.54 for unpaid contributions and double-interest for the Audit Period.

3. Defendant Groundscape Enterprise Inc. INC. is liable to the Funds in the amount of $1,815.75 for the Funds' reasonable attorneys' fees and costs.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings, herein **IT IS ORDERED** that:

6

1. Plaintiffs' Motion for Entry of Judgment (Doc. No. [10]) is hereby **GRANTED**.

2. Judgment in the amount of $6,981.29 be entered against Defendant Groundscape Enterprise Inc. INC., and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  March 25, 2021                                    s/Donovan W. Frank
                                                                        DONOVAN W. FRANK
                                                                        United States District Judge